UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOROTHY L. NEGRI, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:12CV1519 CDP |
| THE TRAVELERS INDEMNITY, COMPANY OF AMERICA, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case was removed here from state court on August 24, 2012 on the basis of diversity jurisdiction.  See 28 U.S.C. § 1332.  In their notice of removal, defendants assert that "plaintiff seeks to enforce a judgment awarding workers' compensation benefits and alleges breach of contract and other causes of action against defendants."  Counts I-III of plaintiff's first amended state court petition assert claims arising out of defendants' alleged failure to pay a workers' compensation award, and Count IV states a claim under Mo. Rev. Stat. § 287.500, which "authorizes a [state] circuit court to enter a judgment on a final workers' compensation award . . . ."  Roller v. Steelman, 297 S.W.3d 128, 134 (Mo. Ct. App. 2009).  Defendants now move to dismiss Counts I-III of plaintiff's first amended petition, arguing that "§ 287.500 is the exclusive means by which the

plaintiff may try to enforce her alleged workers' compensation awards."

28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  Here, there is no dispute that plaintiff's claims arises under Missouri's workers' compensation laws.  Plaintiff's state court petition alleges a failure to pay a worker's compensation award and seeks enforcement of that award under Missouri's statute allowing her to do so.  Defendants acknowledge that plaintiff's claims arise under the workers' compensation laws in their notice of removal and in their motion to dismiss.

Despite the nonremovability of this action, plaintiff did not timely move for remand under 28 U.S.C. § 1447(c).  The Eighth Circuit Court of Appeals has held that 28 U.S.C. § 1447(c) is not jurisdictional, and a plaintiff may waive her right to seek remand under it if she fails to do so within the 30-day time limit of § 1447(c).  See In re Norfolk Southern Railway Co., 592 F.3d 907, 911-12 (8th Cir. 2010).  Therefore, it is doubtful whether I have jurisdiction to remand this action sua sponte beyond the 30-day time limitation.  See 28 U.S.C. § 1447(c) (permitting the Court to remand at any time before final judgment only if it appears that it lacks subject matter jurisdiction).  Of course, the Court still retains discretion to dismiss this action without prejudice upon the filing a motion for voluntary dismissal by

plaintiff under Fed. R. Civ. P. 41(a)(2).  Such a motion would be particularly appropriate in these circumstances, where the case is newly-filed, no scheduling conference or proceedings in this Court have been held, and defendants improvidently removed a nonremovable action.  Plaintiff could then properly refile her action in state court where it belongs.  Currently, plaintiff has been granted until October 5, 2012, to file her opposition to defendants' motion to dismiss. However, in lieu of an opposition to dismissal, the Court will consider a motion for voluntary dismissal filed by the same date.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff, in lieu of filing an opposition to defendants' motion to dismiss,  may file a motion for voluntary dismissal in accordance with this Order by not later than **October 5, 2012.  Defendants may file any opposition to a motion for voluntary dismissal one day after any such motion is filed if filed before October 5, 2012, or by October 9, 2012, if plaintiff moves for voluntary dismissal on October 5, 2012.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of October, 2012.